IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL YOST,                )
                             )
        Petitioner,          )
                             )
    v.                       )  Civ. No. 04-948-SLR
                             )
THOMAS L. CARROLL,           )
Warden,                      )
                             )
        Respondent.          )

---

Michael Yost. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondent.

---

**MEMORANDUM OPINION**

Dated: September 7, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Currently before the court is petitioner Michael Yost's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner was in custody at the Delaware Correctional Center ("DCC") in Smyrna, Delaware when he filed his application. For the reasons that follow, the court will deny his application as moot.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2001, petitioner pled guilty in the Delaware Superior Court to one count of felony theft, in exchange for which the prosecution dismissed the balance of a six count indictment. The Superior Court sentenced petitioner to three years at Level V, suspended upon successful completion of the Key Program, followed by probation. He did not appeal. (D.I. 10)

Petitioner completed the Key Program and was placed on probation. While on probation in 2004, he was arrested on an administrative warrant and charged with violating the terms of his probation. The Superior Court held a violation of probation hearing on July 27, 2004, and determined that petitioner had not violated the terms of his probation. He was released from the DCC on September 27, 2004 to serve the remaining probationary portion of his sentence. Id.

Between his arrest on the administrative warrant and his

September 27, 2004 release, petitioner filed two petitions for state habeas corpus relief in the Superior Court. He filed the first state habeas petition on August 9, 2004, which the Superior Court denied on August 12, 2004. Petitioner filed the second state habeas petition on September 22, 2004, which the Superior Court denied on September 27, 2004 as moot because he was being released on the same day. Petitioner did not appeal these decisions. Id.

On August 16, 2004, while he was still incarcerated, petitioner filed in this court the instant application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) The application asserts one ground for relief: petitioner is being held unlawfully at the Delaware Correctional Center because the Superior Court determined that he did not violate the terms of his probation, and he should be released to a Level IV work release facility.

The State asks the court to dismiss the claim because petitioner has not alleged that his custody violates the United States constitution or federal laws, and also because the claim is moot due to the fact that petitioner is no longer incarcerated. (D.I. 10)

### III. DISCUSSION

A prisoner may only seek federal habeas relief if his custody violates the Constitution or laws of the United States.

28 U.S.C. § 2254(a). Here, petitioner does not challenge his underlying conviction, and he does not allege that his custody violates constitutional or federal law. Thus, he fails to assert a claim cognizable on federal habeas review.

Further, even if petitioner has presented a proper basis for federal habeas review, the court concludes that it does not have jurisdiction to review the claim because petitioner's release from incarceration renders the claim moot.[1] See North Carolina v. Rice, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); Chong v. District Director, INS, 264 F.3d 378, 383-84 (3d Cir. 2001). The mootness "principle derives from the case or controversy requirement of Article III of the Constitution." DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005). A case becomes moot if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984)(internal citations omitted); see also Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002).

---

[1] Petitioner's release does not affect the court's jurisdiction over the application under § 2254(a)'a "in custody" requirement because he was incarcerated when he filed the instant application.

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. Spencer v. Kemna, 523 U.S. 1, 8 (1998); see Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. Chong, 264 F.3d at 384. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, petitioner does not challenge the legality of his conviction or sentence, nor does he challenge the outcome or procedure of the violation of probation hearing. He only contends that prison officials have failed to release him from the DCC. The record reveals that petitioner was released from the DCC on September 27, 2004. Thus, because petitioner has obtained his requested relief, he is no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; Weber v. Young, Civ. Act. No. 88-683-JLL, Rept. & Rec. at 5-6 (D. Del. July 23, 1990); see also North Carolina v. Rice,

404 U.S. 244, 248 (1971); see, e.g., Lovett v. Carroll, 2002 WL 1461730, at *2 (D. Del. June 27, 2002)(habeas petition challenging legality of execution of sentence dismissed as moot where petitioner was placed in boot camp soon after filing petition).

Accordingly, the court will dismiss petitioner's habeas application as moot.

### IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The court concludes that petitioner's § 2254 application is moot. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

### V.  CONCLUSION

For the reasons stated, petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An

appropriate order will issue.